United States District Court
Southern District of Texas
**ENTERED**
December 23, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **ALFREDO ELIAS GOMEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **Civil Case No. 7:24-CV-00025** |
| | § | |
| **BOBBY LUMPKIN,** | § | |
| | § | |
| **Respondent.** | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the December 2, 2024, Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Nadia S. Medrano. (Dkt. No. 7). Judge Medrano made findings and conclusions and recommended that Respondent's Motion for Summary Judgment, (Dkt. No. 5), be **GRANTED** and that Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254, (Dkt. No. 1), be **DISMISSED with prejudice** because the claims are time-barred from review under 28 U.S.C. § 2244(d). (Dkt. No. 7 at 1, 3–7). Judge Medrano further recommended that this Court **DECLINE** to issue a Certificate of Appealability because reasonable jurists would not debate the procedural bar of Petitioner's habeas petition or question whether the Court correctly determined that the claims are time-barred from review. (*Id.* at 1, 6–7).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On December 17, 2024, Petitioner filed two objections. (Dkt. No. 8). The first objection challenges the M&R's determination that Petitioner's claims are time-barred and ineligible for equitable tolling. (*Id.* at 1–2, 4).

Specifically, Petitioner contests the finding that declining to consider the underlying claims would not constitute a fundamental miscarriage of justice. (*Id.*). The second objection relates to the M&R's recommendation to deny a Certificate of Appealability and contends that reasonable jurists could debate both the procedural finding of time-barred claims and the determination that Petitioner failed to establish a valid constitutional claim. (*Id.* at 2).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding no error, the Court accepts the M&R and adopts it as the opinion of the Court. It is therefore ordered that:

(1)   Magistrate Judge Medrano's M&R, (Dkt. No. 7), is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court; and

(2)   Respondents' Motion for Summary Judgment, (Dkt. No. 5), is **GRANTED**;

(3)   Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254, (Dkt. No. 1), is **DISMISSED with prejudice**; and

(4)   the Court will **DECLINE** to issue a Certificate of Appealability in this matter.

It is SO ORDERED.

2

Signed on December 21, 2024.

**D**REW **B. T**IPTON
**UNITED STATES DISTRICT JUDGE**